## Land *against* Patteson.

1. The writ returned, "executed by *B. B. D. S.*" is not sufficient evidence of service.

IN this case, and several others of considerable amount, judgments had been rendered by default in the Superior Court of *Madison* County.   The original Writs were returned, " Executed by *B. Brandon,* D. S."   Writs of Error were taken to this Court.   It was assigned as Error, that " The Writ does not appear to have been served by " the Sheriff, and the judgment was by default."

*M'Kinley* and *Crawford* for plaintiff in   Error—cited

4 *Bac.* Ab. Sheriff. H. 1 Salk. 96. 6 Coke, 17. . 1 Haywood, 181. N. Y. T. R. 61.

*Henderson, Parsons,* and *Minor,* for defendant—cited, 5 Bacon, 206, 209. 3 · Wilson, 309. Cro. Eliz. 67. 4 T. 366. Ld. Ray. 884; 658. 3 Mass. 378.

NOVEMBER, 1820.

Land v. Patteson.

*By the Court.* All the authorities cited, concur in shewing that the Writ should be executed and returned in the name of the *Sheriff.* The service in this case appears to have been by *B. Brandon,* D. S. If we were authorized to infer that these initials mean Deputy Sheriff, there remains nothing to shew in what county this person was Deputy. The Court is presumed to know who are Sheriffs of the several counties. But a Deputy Sheriff is not commissioned in the name of the State, or required by Statute to take any oath of office. He is appointed by the Sheriff, amenable only to him for his ministerial acts; and though he may lawfully execute process, his acts must appear to have been done by authority of, and in the name of, the Sheriff. On this ground the judgment of the Court below would be reversed; but the writ of Error appears to have been issued by the Clerk of the Court below since the passage of the of the act of 1819.(*a*) A circumstance which we think ourselves *ex officio* required to take notice of. The Clerk had no authority to issue the writ of Error, and the case must therefore be dismissed.

2. If the writ of Error has not been issued by. the proper officer, the Court will without motion notice the defect, and dismiss the cause.

(*a*) See *Laws* *Alaba.* P. 168, *Sect.* 20.

Judges *Lipscomb, Webb, Saffold,* and *Ellis,* concurred in the foregoing decision. Chief Justice *Clay,* having been of counsel in the Court below, gave no opinion.